Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| AMY WELCH, an Individual,<br>ANJA PROSCHMANN, an Individual,<br>BRITTANY SHARPE, an Individual,<br>CASSIDY WILSON, an Individual,<br>DAYNE TAKARA, an Individual,<br>ANGELA VINTI, an Individual,<br>ANGELA PETSU, an Individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>      Defendant. | Case No.<br><br>CONSOLIDATED COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

COME NOW, Plaintiffs, by and through counsel, and file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

### INTRODUCTION

1.

This case centers around the Plaintiffs, former employees of Defendant OHSU, and the unlawful religious discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

### JURISDICTION, VENUE, AND PARTIES

2.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Portland area. Defendant is a public corporation incorporated in, and with a principal place of business, in Oregon. The OHSU Board of Directors, whose members are appointed by the governor and approved by the State Senate, governs the university. As a public corporation, it receives federal and state funding. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

3.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

4.

As described in greater detail below, each of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic. Each were exceptional employees, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

5.

In the summer of 2021, the Defendant imposed a vaccine mandate on its employees, but, consistent with law, permitted employees to apply for religious or medical exceptions to the vaccine.

6.

Each Plaintiff also held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines. Below are their individual stories.

7.

## AMY WELCH

Plaintiff Amy Welch was employed as a Certified Trauma Registry Specialist for four years by OHSU. Plaintiff Welch lives in Mount Juliet, Tennessee and, apart from two weeks training at OHSU when she was initially hired, has always worked entirely remotely, with no in-person interaction with patients or co-workers. Plaintiff always received excellent reviews and was greatly appreciated by her manager and co-workers.

8.

Plaintiff Welch was part of a team of trauma registrars working for Defendant, all of whom worked remotely. Working with this team of other trauma professionals was the best experience Plaintiff Welch had ever had, and she had every intention of staying with OHSU for the remainder of her career. Shortly before the vaccine mandate was imposed, she had family members that were hospitalized due to various illnesses and became sick with COVID-19 herself.

9.

Plaintiff Welch applied for a religious exception due to her strongly held Christian beliefs which was denied. She was placed on unpaid administrative leave and then terminated on December 2, 2021. Plaintiff Welch was hired at another facility where her religious beliefs were respected and accommodated, but this employment situation was chaotic and offered no paid holidays. She eventually obtained more suitable employment, but this work is much more isolating and mundane. Plaintiff Welch misses the camaraderie, support, and friendships that she had at OHSU.

10.

Plaintiff Welch has been traumatized by this experience and she feels betrayed by Defendant. She has always worked hard and was committed to her job and her team. She had

planned to work at her job with Defendant until her retirement. Plaintiff Welch has lost earning potential and had one more year until she was fully vested in her retirement account.

11.

Plaintiff Welch received a right to sue letter from the EEOC on July 11, 2023. Plaintiff Welch has suffered economic damages of at least $25,000.00 in lost wages, and non-economic damages of at least $75,000.00, or an amount to be determined at trial.

12.

## ANJA PROSCHMANN

Plaintiff Anja Proschmann worked for Defendant for approximately six years as a Registered Nurse at Doernbecher Children's Hospital. She always received positive reviews and loved her job. Plaintiff Proschmann worked as a resource nurse, with a minimum of twenty-four hours worked in a four-week period. She regularly worked extra shifts and was trained to work on six units. At the beginning of the pandemic, all her shifts were initially cancelled but she then joined the COVID labor pool. She was accepted and worked remotely until shortly before being placed on unpaid leave.

13.

When the COVID-19 mandate was imposed, Plaintiff Proschmann applied for a religious exception to the COVID-19 vaccine due to her deeply held Christian religious beliefs. Plaintiff Proschmann is an evangelical Christian and is still a member of her home church in Germany. In her church, all human life, whether born or unborn, is worthy of protection and it aims to avoid terminations of pregnancies, including the use of the "morning after" pill. Her church follows the bible, which states in the Ten Commandments, "thou shalt not kill." Plaintiff Proschmann could not obtain any of the COVID-19 vaccines because they created a religious and moral conflict with her beliefs. Plaintiff Proschmann has consistently declined flu vaccinations, which was never an issue. Despite this, Plaintiff Proschmann's religious exception was not approved and on October 19, 2021, she was placed on unpaid leave, and then terminated on December 2, 2021. Plaintiff

Proschmann could easily have been accommodated, by letting her work remotely, as she had done for over a year.

14.

Prior to her termination, Plaintiff Proschmann was subjected to a hostile workplace. The months leading up to the vaccine mandate were extremely difficult and stressful as she faced the loss of her career. Defendant implemented a sticker system for the badges of those employees who were vaccinated, making it clear who was unvaccinated. Plaintiff Proschmann was shocked by the unkind comments she heard from coworkers about the unvaccinated. Initially, she tried to work minimum shifts to avoid the stress, but as she realized she was going to be terminated, she worked as much as possible to maximize her income and retirement contributions.

15.

Plaintiff Proschmann applied for unemployment, which she finally received. She eventually found new employment at a different hospital in another city, which accepted her religious exception, allowed her to work and where she felt welcomed and not ostracized. She was allowed to wear the same PPE as everyone else and there were no stickers on employee badges differentiating those who were vaccinated and unvaccinated, as there had been at OHSU. This hospital was following the same guidelines from the government as Defendant but took a different course of action towards its unvaccinated employees.  However, with Plaintiff Proschmann's new job, she has lost her seniority, now earns less, rarely has access to premium shifts and additional income opportunities, lost out on her future PERS and other retirement benefits, no longer has employer contributions to her retirement, and must commute to another city, with increased gas for the commute, and wear and tear on her car. In addition, she pays for a place to stay in the new city for the shifts she is working.

16.

Plaintiff Proschmann has suffered tremendous emotional distress, anxiety, and insomnia because of the Defendant's unlawful actions. Plaintiff Proschmann received a right to sue letter

from the EEOC on July 18, 2023. Plaintiff Proschmann suffered economic damages of at least $695,000.00 in current and future wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $1,000,000.00 or an amount to be determined at trial.

17.

**BRITTANY SHARPE**

Plaintiff Brittany Sharpe was employed for over eight years at OHSU's National Primate Research Center as a technician. She always received excellent annual reviews, loved her job, and planned to retire from there. Prior to her placement on unpaid leave, Plaintiff Sharpe earned approximately $51,000 annually, with a generous benefit package.

18.

Plaintiff Sharpe has deeply held Christian beliefs that conflicted with taking the COVID-19 vaccine, and filed a request for a religious exception to the vaccine mandate on September 17, 2021, which was denied. Instead of being provided reasonable accommodations, Plaintiff Sharpe was placed on unpaid leave on October 19, 2021, and then terminated on December 2, 2021. During this time, Plaintiff Sharpe was forced to use her earned time off balance.

19.

Prior to her unpaid leave, Plaintiff Sharpe was subjected to a hostile work environment. Many of Plaintiff Sharpe's co-workers stopped wanting to be around her, or to have lunch with her. This made her feel ostracized and undervalued, both as an employee, and as a human being.

20.

Plaintiff Sharpe lost medical coverage for herself and her family at the end of October 2021. With obtaining insurance through her husband's employer, Plaintiff Sharpe was forced to find all new providers. The cost of out-of-pocket expenses for the family has almost quadrupled with the change in coverage. Plaintiff Sharpe felt too traumatized by the rejection, the loss of her job and the religious discrimination she suffered, to seek new employment. She did not pursue therapy as the family could not afford it. The loss of Plaintiff Sharpe's income was a massive

blow, and her family is living paycheck to paycheck. Plaintiff Sharpe eventually found employment in a new field, but it has less hours and pay. Plaintiff Sharpe was caused great emotional distress, worry and depression. Plaintiff Sharpe received a right to sue letter from the EEOC on July 13, 2023. Plaintiff Sharpe suffered economic damages of at least $100,000.00 in past and future wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $200,000 or in an amount to be determined at trial.

21.

**CASSIDY WILSON**

Plaintiff Cassidy Wilson was employed by OHSU's Oregon National Primate Research Center for approximately three years as a Laboratory Animal Technician. Plaintiff Wilson always received great reviews, including awards for going "above and beyond" in her job. She helped care for the primate breeding colonies and loved her job. Whenever she was around the primates, or in the same building as the primates, which was almost all the time, Plaintiff was required to wear PPE, including face masks, gloves, and gowns. She worked primarily alone, and when she had any contact with people, everyone wore PPE.

22.

Due to her sincerely held and devout religious beliefs, Plaintiff Wilson was unable to get any of the available COVID-19 vaccines. Plaintiff Wilson submitted four applications for a religious exemption to the vaccine, as the policy kept changing; however her exemption request was denied. Defendant is a Christian, although she is not a part of any denomination. She did not become as involved in her faith until late 2020, when she was saved by God, and she believes in her relationship to God, and listening to what God tells her and following his word, rather than following a specific religion. She was baptized on May 23, 2021. Since being saved, her views on all vaccines and medical procedures have changed, and she has not had any vaccines since her last flu vaccine in 2020. When Defendant did not acknowledge and accept Plaintiff Wilson's request for a religious exemption, she felt that Defendant was attacking both her and her faith.

Plaintiff Wilson was placed on unpaid leave on or about October 19, 2021, and was subsequently terminated.

23.

Prior to her unpaid leave, Plaintiff Wilson was subjected to a hostile work environment. Although co-workers were unaware of her vaccination status, there were multiple people on campus, who made disrespectful and hateful comments about people who were not vaccinated. This made it hard to come to work and upsetting for Plaintiff Wilson to listen to their comments.

24.

Plaintiff Wilson was dissuaded from applying for unemployment after her placement on unpaid leave, by emails from Defendant saying she may not be eligible. Plaintiff Wilson had several part-time jobs and borrowed from her family to pay her bills. She was eventually forced to change careers from the Animal Husbandry/Veterinary field, which was her chosen field. She misses her job at the Oregon Primate Center tremendously. Before she was terminated, she was studying for certifications so that she could apply for promotions. Instead, she now has a career that she is not passionate about and takes a toll on her mentally and emotionally. The loss of Plaintiff Wilson's job caused great emotional distress and financial hardship, including an increase in her anxiety and depression. She was not able to seek counseling or medication as none of her subsequent jobs had health coverage or other benefits. Plaintiff Wilson received a right to sue letter from the EEOC on July 10, 2023. Plaintiff Wilson suffered economic damages of at least $60,000.00 in wage loss, $60,000.00 in future wage loss and non-economic damages of at least $180,000.00 or in an amount to be determined at trial.

25.
**DAYNE TAKARA**

Plaintiff Dayne Takara was employed by OHSU for approximately two years without incident and with exclusively positive reviews as a Business Intelligence Analyst. At the time of

his termination, Plaintiff Takara was making approximately $98,000.00 yearly, with a generous benefits package. He was due to receive his annual pay raise on the date of his hire, which was the same month as his termination date. Plaintiff had worked exclusively remotely from home for over a year and had been informed by management that he would not be returning to the office.

26.

Plaintiff Takara has strong Christian religious beliefs that prevented him from receiving the COVID-19 vaccine. When the vaccine mandate was implemented, he applied for a religious exception, which was denied. Plaintiff Takara was shocked and distressed that his religious beliefs were not accepted. He had submitted the required form along with a letter from his pastor that confirmed that Plaintiff Takara's religious conviction was supported by his church. Despite this, Plaintiff Takara was placed on unpaid leave on October 18, 2021, and terminated on December 2, 2021.

27.

Plaintiff Takara is the sole provider for his family and the loss of his job caused much mental and emotional distress, insomnia and worry for himself and his family. In November 2021, Plaintiff Takara was asked by his manager if he would return to work, however, Plaintiff Takara told him that his religious belief was sincerely held, and he would not get vaccinated. Plaintiff Takara eventually obtained other employment, but with less pay. Plaintiff Takara received a right to sue letter from the EEOC on July 18, 2023. Plaintiff Takara suffered economic damages of at least $31,000.00 in wage loss and benefits, and non-economic damages of at least $91,000 or in an amount to be determined at trial.

28.

**ANGELA VINTI**

Plaintiff Angela Vinti was employed as a Clinical Pharmacist at OHSU Internal Medicine Clinic for over eight years. Her time was divided between the clinic and the Department of Pharmacy Services. In February 2020, Plaintiff Vinti transitioned to working entirely remotely from home due to a medical condition. She had virtually no in-person contact with patients or co-workers. She infrequently conducted home visits for one patient and wore appropriate PPE when she did. There was no plan to bring her back to work at the clinic. At the time of her placement on unpaid leave, Plaintiff Vinti was working thirty hours weekly and earned $137,000.00 annually, with a generous benefits package.

29.

Plaintiff Vinti applied for a religious exception on or about September 12, 2021, due to her strong Christian beliefs. Plaintiff Vinti is a Catholic, and her coworkers and management knew of her faith, and expressed their support. However, Defendant denied her religious exception request, placed her on unpaid leave on October 19, 2021, and then terminated her. Plaintiff Vinti loved her job and had planned on being an OHSU employee until she retired. She did not want to lose her job but most importantly she did not want to compromise her relationship with God. She had lived her faith in the workplace for the duration of her career, helping and supporting co-workers and patients. Plaintiff Vinti is appalled that she was discriminated against for her religious beliefs and believes that OHSU's denial of her religious exception is in stark contrast to their creed of "Respect for All."

30.

Plaintiff Vinti applied for unemployment, which was contested by Defendant. She eventually obtained her unemployment benefits after an appeal. Since her termination, Plaintiff Vinti has been unable to find another paid job in her field. Plaintiff Vinti lost her income and

benefits, including health insurance and retirement. Although her husband is covering her on his employer's benefits, her out of pocket costs for healthcare have risen dramatically. She also lost the ability to contribute to her retirement, and to receive the company retirement match. Plaintiff Vinti received a right to sue letter from the EEOC on July 11, 2023. Plaintiff Wooten suffered past and future economic damages of at least $1,318,278.00 in wage loss and benefits, and non-economic damages of at least $2,000,000.00 or in an amount to be determined at trial.

31.

## ANGELA PETSU

Plaintiff Angela Petsu worked for OHSU as a Clinical Laboratory Specialist for approximately twenty years. She had an impeccable record and always received positive reviews. At the time of her placement on unpaid leave, Plaintiff Petsu earned $46,000 annually, with an excellent benefits package.

32.

On or about September 19, 2021, Plaintiff Petsu submitted a request for a religious exception due to her Christian religious beliefs. Plaintiff Petsu has a direct, personal relationship with God, and it is through this relationship, prayer and trust that she felt that the COVID -19 injection was something she could not take. Plaintiff Petsu could not go against her conscience and receive a vaccine that had been designed, developed or tested using aborted fetal cells. She believes it is morally unacceptable to be associated in any way with abortion. Plaintiff Petsu also believes in divine healing and trusts God to keep her safe from infectious diseases. She felt that she could not put her job, as much as she loved it, before her faith as a Christian. Plaintiff Petsu's exception request was denied. She was placed on unpaid leave on October 19, 2021, and subsequently terminated.

33.

Plaintiff Petsu has suffered mental, and emotional distress and financial damage, including the loss of her income, and health insurance for the whole family. Plaintiff Petsu received a right to sue letter from the EEOC on July 11, 2023. Plaintiff Petsu suffered economic damages in an amount to be determined at trial, and non-economic damages in an amount to be determined at trial.

34.

Until the COVID-19 pandemic unfolded, none of the Plaintiffs' sincerely held religious beliefs had caused conflict with their work requirements.

35.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating them being placed on unpaid administrative leave, followed by termination.

36.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff s were not, as it has claimed, to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory and retaliatory. Each of the Plaintiffs should have been given reasonable accommodations to continue working for Defendant.

37.

Each of the Plaintiffs have suffered significant economic loss and emotional distress.

38.

**FIRST CLAIM FOR RELIEF – All Plaintiffs**

**(Unlawful Employment Discrimination Based on Religion**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

39.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

40.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

41.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

42.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

43.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

44.

**SECOND CLAIM FOR RELIEF- All Plaintiffs**

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**

**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

45.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

46.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

47.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiffs' religious beliefs.

48.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

49.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment against Defendant and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 23rd day of August, 2023.

        JANZEN LEGAL SERVICES, LLC

        By /s/ Caroline Janzen
        Caroline Janzen, OSB No. 176233
        caroline@ruggedlaw.com
        Attorney for the Plaintiff